Thomas G. Waller, AKSB No. 0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for Cook Inlet Marine, L.L.C.

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| COOK INLET MARINE, L.L.C., an Alaska Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MLDC GOVERNMENT SERVICES CORP., a Delaware Corporation, d/b/a GOVERNMENT SERVICES CORP. and MATT E. RUCK, a single man,<br><br>Defendants. | IN ADMIRALTY<br><br>NO.<br><br>COMPLAINT FOR MONEY DAMAGES |

Plaintiff, Cook Inlet Marine, L.L.C. states and alleges as follows:

## I

## SUBJECT MATTER JURISDICTION

1.1 This action concerns the attached Standing Towage Agreement (Exhibit A) which incorporated by reference the attached Towing Certificate (Exhibit B; collectively "Agreement") and is thus within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and Federal Rule of Civil Procedure 9(h).

## II

## PARTIES, PERSONAL JURISDICTION, AND VENUE

2.1 At all pertinent times, plaintiff was, and still is, a limited liability company organized and existing under the laws of the State of Alaska with its principal place of business in Homer, Alaska.

COMPLAINT FOR MONEY DAMAGES
1 of 5

- 1 -

2.2 At all pertinent times, upon information and belief, defendant MLDC Government Services Corp. (MLDCGSC) was, and still is, a corporation, existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware. Upon information and belief, Government Services Corp. (GSC) is not a separate legal entity, though it appears to be an assumed name for MLDCGSC for use in another jurisdiction. GLC has not been listed as an assumed name in the State of Alaska.

2.3 Upon current information and belief, defendant Matt E. Ruck exercised pervasive control of the affairs of MLDCGSC and GLC, used MLDCGSC and GLC's funds for personal purposes, commingled his and MLDCGSC's and GLC's funds, and otherwise did not observe corporate formalities.

2.4 Upon current information and belief, and through action on the part of Ruck, MLDCGSC and GLC is undercapitalized and operates as a mere façade for Ruck's individual dealings. As alleged, it is understood Ruck siphons and, in this case, Ruck has siphoned, funds from MLDCGSC and GLC for his own personal use to plaintiff's detriment.

2.5 Upon current information and belief, MLDCGSC and GSC are formed and have been used to transfer Ruck's personal liability to them and to otherwise protect Ruck from the consequences of his improper conduct.

2.6 Ruck, an Idaho resident, is liable in his personal capacity for all acts performed by MLDCGSC and GLC pertinent to this lawsuit.

2.7 At all material times, defendants were doing business in the State of Alaska and the Agreement was performed in and about the State of Alaska.

2.8 Personal jurisdiction is proper in this Court as defendants have transacted business in the State of Alaska, the Agreement was carried out in Alaska, and, by the terms of the Agreement, defendants have submitted to the personal jurisdiction of this Court.

COMPLAINT FOR MONEY DAMAGES
2 of 5

- 2 -

Case 3:11-cv-00239-JWS   Document 1   Filed 12/07/11   Page 2 of 5

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121
(206) 443-3400
FAX (206) 448-9076

2.9   Venue is proper in the District of Alaska as a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this District, and defendants have submitted to venue in this Court per the terms of the Agreement.

## III

## FACTS

3.1   On or about July 6, 2011, plaintiff and defendants entered into the Agreement.

3.2   The purpose of the Agreement was for plaintiff to act as subcontractor for MLDCGSC's general contract with the National Oceanic and Atmospheric Administration (NOAA).

3.3   During the month of July 2011, plaintiff duly performed its obligations under the Agreement, which involved retrieving a NOAA buoy from Cape Suckling and delivering it to Cordova, Alaska.

3.4   Defendants were invoiced in the amount of $35,450.10 on July 12, 2011 (invoicing attached as Exhibit C). Under the Agreement, all unpaid sums accrue interest at 1% per month from the date due until paid in full.

3.5.   NOAA issued a payment to defendants for plaintiff's work on or around August 17, 2011.

3.6   Despite this, defendants did not pay and have not paid plaintiff any sum for work performed under the Agreement.

3.7   Following plaintiff's invoicing of defendants, in correspondence with plaintiff, defendants admitted and agreed that invoiced amounts were due and owing under the terms of the Agreement, and further represented that the amounts owed would be forthcoming.

3.8   To date, plaintiff has received no payments from defendants. Interest on the unpaid sum continues to accrue.

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

## IV

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

4.1     Under the Agreement, plaintiff agreed to provide defendants with towage services at a specified price.

4.2     Plaintiff duly performed its obligations under the Agreement.

4.3     Defendants breached the Agreement by failing to pay plaintiff all moneys owed and accrued interest.

4.4     Ruck's misuse of MLDCGSC and GSC's corporate personhood was and is a direct and proximate cause of the breach.

4.5     By virtue of Ruck's misuse of MLDCGSC and GSC, he and they are jointly and severally liable for the breach of the Agreement.

4.6     Because of defendants' breach of contract plaintiff suffered and continues to suffer damages, including unpaid interest, attorneys' fees, and costs.

## V

## SECOND CAUSE OF ACTION

## ATTORNEYS' FEES

5.1     Section 16 of the Agreement provides that if litigation arises out of the Agreement, the substantially prevailing party is entitled to its attorneys' fees and costs.

5.2     Plaintiff has suffered losses as a result of defendants' failure to perform obligations assumed under the Agreement.

5.3     Ruck's misuse of MLDCGSC and GSC's corporate personhood was and is a direct and proximate cause of the losses suffered by plaintiff.

5.4     By virtue of Ruck's misuse of MLDCGSC and GSC, he and they are jointly and severally liable for the breach of the Agreement.

ATTORNEYS AT LAW

BAUER
MOYNIHAN
& JOHNSON LLP

2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR MONEY DAMAGES
4 of 5

5.5     Under the terms of the Agreement, defendants are therefore required to reimburse plaintiff for all attorneys' fees and costs incurred as a result of this action.

## VI

## DAMAGES

6.1     As a result of defendants' breach of the Agreement, plaintiff has suffered damages and will suffer damages in the future in an amount to be proven at trial, but no less than $36,638.69, plus additional accruing interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1.     That the Court award judgment in favor of plaintiff against defendants for all amounts owed, plus accruing interest, attorneys' fees, and costs;

2.     That plaintiff be awarded appropriate post-judgment interest; and

3.     For such other and further relief as the Court deems just and proper.

DATED this Friday, December 02, 2011.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Thomas G. Waller
Thomas G. Waller, AKSB No. 0109052
Attorneys for Plaintiff Cook Inlet Marine, L.L.C.
2101 Fourth Avenue, Suite 2400
Seattle, WA  98121-2320
Phone:  (206) 443-3400
Fax:  (206) 448-9076
E-mail:  tgwaller@bmjlaw.com

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA  98121
(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR MONEY DAMAGES
5 of 5

- 5 -

Case 3:11-cv-00239-JWS   Document 1   Filed 12/07/11   Page 5 of 5